# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALFOUS GLENN FERRIER, JR.,
　　　　　　Appellant,

v.

DEPARTMENT OF DEFENSE,
　　　　　　Agency.

DOCKET NUMBER
AT-3443-15-0614-I-1

DATE: February 5, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Alfous Glenn Ferrier, Jr.</u>, Jacksonville, Florida, pro se.

<u>Rebecca Gervasi</u>, Fort Sam Houston, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a Quality Assurance Specialist for the Defense Contract Management Agency in St. Augustine, Florida, appealed his nonselection for multiple Quality Assurance Specialist positions in other locations, alleging that his nonselections were the result of favoritism. Initial Appeal File (IAF), Tab 1. The administrative judge informed the appellant that the Board generally does not have jurisdiction over nonselection claims, explained the limited exceptions to this general rule, and ordered the appellant to file evidence and argument establishing jurisdiction over this appeal. IAF, Tab 2 at 2. The appellant did not respond to this order, and the administrative judge dismissed the appeal, without holding a hearing, for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID).

¶3 The appellant has filed a petition for review arguing that the agency committed a prohibited personnel practice by not selecting him for nine positions over a 2-year period. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition. PFR File, Tab 3.

¶4 As found by the administrative judge, the Board does not have jurisdiction to hear an appeal of a nonselection. ID at 2; *see Mello v. Department of Energy*, 20 M.S.P.R. 45, 47 (1984). The appellant claims that his nonselections are the result of a prohibited personnel practice in violation of 5 U.S.C. § 2302(b)(9). PFR File, Tab 1 at 3. Absent an otherwise appealable action, the appellant's

claim of a prohibited personnel practice does not provide an independent basis for finding Board jurisdiction. *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 11 (2006).

¶5 The appellant states that he has filed a prohibited personnel practices complaint with the Office of Special Counsel (OSC). PFR File, Tab 1 at 3. The appellant alleges he was told by an OSC employee that his prohibited personnel practices complaint would be difficult to prove. IAF, Tab 1 at 5. If the Special Counsel determines that the Board should take an action to discipline an employee alleged to have committed a prohibited personnel practice, the Special Counsel must file a written complaint with the Board. 5 C.F.R. § 1201.123. In his petition for review, the appellant cites to decisions issued under the Board's original jurisdiction as the result of an OSC complaint. PFR File, Tab 1 at 3-4. An employee, like the appellant, may seek corrective action by filing an individual right of action appeal under 5 U.S.C. § 1221 for a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8) after exhausting his remedies with OSC. *Clemente v. Department of Homeland Security*, 101 M.S.P.R. 519, ¶ 9 (2006). The appellant is alleging that the agency violated 5 U.S.C. § 2302(b)(6), PFR File, Tab 1 at 3, which is not a basis for an individual right of action appeal. Based on the foregoing, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

4

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.